UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X

STEPHEN ROSADO,

                Plaintiff,

                                           VERIFIED **JUDGE RAKOFF**
                                           COMPLAINT
      -against-                        AND DEMAND FOR
                                           A JURY TRIAL

THE CITY OF NEW YORK &
N.Y.C. POLICE DETECTIVE            **04 CV 07320**
RODRIGO CABALLERO,
SHIELD #02002, SUED
INDIVIDUALLY AND IN
HIS OFFICIAL CAPACITY,

                Defendants.

------------------------------------------------------X

    1.    This is an action for compensatory and punitive damages for violation of Plaintiffs' rights under the Fourth, Fifth Amendments and Fourteenth Amendment to the Constitution of the United States, by reason of the unlawful acts of defendants.

### JURISDICTION

    2.    This action is brought pursuant to 42 U.S.C. 1983. Jurisdiction is founded upon 28 U.S.C. sec. 1343. Plaintiff further invokes the pendent jurisdiction of this Court to hear and decide claims arising under state law pursuant to 28 U.S.C. 1367. Venue is proper in this district under 28 U.S.C. 1391(b) in that all claims arose in this district.

## PARTIES

3. Plaintiff is a resident of New York City, Kings County, State of New York.

4. At all times hereinafter mentioned, the Defendant Police Officer was an employee of the New York City Police Department (HEREINAFTER REFERRED TO AS "N.Y.P.D.") acting within the scope and authority of his employment. He issued individually and in his official capacity as a New York City Police Officer.

5. The Defendant CITY OF NEW YORK, (HEREINAFTER REFERRED TO AS "City"), was a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York, and as such maintained the New York City Police Department and employed the individual Defendants sued herein.

6. That upon information and belief the City was responsible for the training of its police officers.

7. That at all times herein the defendant, City, was negligent in the hiring, training, supervision, discipline, retention and promotion of the agents, servants and/or employees of the N.Y.P.D.

8. That at all times mentioned herein the Defendant, City, knew or should have known of the discriminatory nature, bad judgment, and unlawful propensities of the officer involved in the violation of civil rights of the Plaintiff.

## FACTS

9. On or about March 4, 2004, at approximately 3:50 P.M., plaintiff was inside of 330 E. 26th Street, New York, New York, visiting a friend, Ricardo Regisford, who lives at that address, Apt. 7J.

10. The defendant officer stopped him without a legitimate basis and arrested him without probable cause to do so, although the officer had been provided legitimate information that plaintiff was lawfully on the premises.

11. Plaintiff was incarcerated for approximately forty five hours before being bailed out.

12. Plaintiff was falsely charged with committing Criminal Trespass.

13. On June 22, 2004, after numerous court appearances, the charges against plaintiff was dismissed, as CPL 30.30 mandated dismissal on speedy trial grounds.

14. Defendant City of New York has pursued a policy and custom of deliberate indifference to the rights of persons in its domain, including the Plaintiffs, in its procedures for supervising and removing, when appropriate, unstable and violent police officers from their duties, including but not limited to the fact that Defendants City and/or N.Y.P.D. knew of the individual Defendant's tendencies to make unlawful arrests, unlawful seizures, use excessive force, and otherwise commit unlawful acts, but took no steps to correct or prevent the exercise of such tendencies.

15. Defendant City and N.Y.P.D. knew or should have known that prior to December 18, 2000, the perpetration of unlawful arrests, commission of other unlawful acts, and the use of excessive force and the infliction of injury to persons in the custody of Defendants officers was occurring, in that there were reports of such unlawful conduct by these specific officers

16. Defendant City and N.Y.P.D., among other deficiencies, failed to institute a bona fide procedure in which Defendant City and/or N.Y.P.D. investigated the unlawful acts of Defendants or properly investigated reports of their alleged misconduct.

## CONDITIONS PRECEDENT

17. On April 30, 2004 and again on June 29, 2004, Notices of Claim were served upon the Defendant City of New York, setting forth :

   1. The name and post office address of the Claimant and his attorney;
   2. The nature of the claim;
   3. The time when, the place where, and the

        manner in which the claim arose;

    4. The items of damages and injuries sustained so far as practicable.

18. The Notice of Claim was served upon the Defendant City within 90 days after Plaintiff's several causes of action accrued.

19. More than thirty days have elapsed since the Notices of Claims were served upon the City of New York.

20. The City of New York and its Comptroller have failed, neglected and refused to pay, settle, compromise or adjust the claim of the Plaintiff herein.

21. Pursuant to Section 50-H of the General Municipal Law, plaintiff has made himself available for a 50-h hearing was held.

22. This action has been commenced within one year and 90 days after Plaintiff's various causes of action have accrued.

23. Plaintiff has duly complied with all of the conditions precedent to the commencement of this cause of action.

### FOR A FIRST CAUSE OF ACTION
### FOR VIOLATION OF CIVIL RIGHTS

24. Plaintiff reiterates and realleges the facts stated in the preceding paragraphs as if stated fully herein.

25. As a result of their actions, Defendants, under "color of law", deprived plaintiff of his right to freedom from deprivation of liberty without due process of law in violation of the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. sec. 1983.

26. Defendant subjected Plaintiff to these deprivations of his rights either maliciously or by acting with a reckless disregard for whether Plaintiff's rights would be violated by his actions.

27. As a direct and proximate result of the acts of Defendants, Plaintiff suffered physical injuries, endured great pain and mental suffering, and was deprived of his physical liberty.

### FOR A SECOND CAUSE OF ACTION
### FOR VIOLATION OF CIVIL RIGHTS

28. Plaintiff reiterates and realleges the facts stated in the preceding paragraphs as if stated fully herein.

29. Defendant City and N.Y.P.D., through The N.Y.C. Police Commissioner, as a municipal policymaker, in the hiring, training and supervision of the Defendant officers, have pursued a policy and custom of deliberate indifference to the rights of persons in their domain, and Plaintiffs, violating Plaintiffs' rights to freedom from the use of excessive and unreasonable force and freedom from deprivation of liberty without due process of law in violation of the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. 1983.

30. As a direct and proximate result of the aforementioned policy and custom of deliberate indifference of Defendants City and N.Y.P.D., Defendant officers committed the unlawful acts referred to above and thus, Defendant City is liable for Plaintiff's injuries.

### AS AND FOR A THIRD CAUSE OF ACTION
### FOR MALICIOUS PROSECUTION

31. Plaintiffs reiterate and reallege the facts stated in the preceding paragraphs as if stated fully herein.

32. In instigating, ordering, validating, procuring and assisting in the arrest of Plaintiff, Defendant officer, acting within the scope of his employment, "under color of law", and on behalf of his employer, maliciously prosecuted Plaintiff without reasonable or probable cause and with full knowledge that the charges were false.

33. As a result of said abuse of process and malicious prosecution, plaintiff was compelled to come to court.

34. As a result of the aforesaid occurrence, Plaintiff was caused to and did suffer the damages and injuries aforesaid. All Defendants are liable for said damages.

### AS AND FOR A SIXTH CAUSE OF ACTION FOR NEGLIGENCE

35. Plaintiffs reiterate and reallege the facts stated in the preceding paragraphs as if stated fully herein.

36. The aforesaid unlawful acts of Defendant officer was caused solely by the negligence and carelessness of Defendants City and N.Y.P.D. in employing and retaining in its employ brutal, dangerous, troublesome, incompetent and vicious persons who they knew or should have known were a source of danger and menace to the lives and limbs of the persons within the City of New York.

37. Defendants City and N.Y.P.D., and their agents, servants and/or employees failed to exercise reasonable care in the hiring, training, disciplining, supervising, and retention of Defendant officers.

38. By reason of the foregoing, Plaintiffs suffered the injuries and damages aforesaid and the Defendants City and N.Y.P.D. are liable for such injuries and damage.

### PRAYER FOR RELIEF

WHEREFORE, plaintiff prays that this Court:

1. Enter a judgment that defendants, by their actions, violated Plaintiffs' rights under state law, and violated Plaintiff's rights under the Fourth and Fourteenth Amendments to the Constitution of the United States and violated Plaintiff's rights under State law; and,

    2. Enter a judgment, jointly and severally, against Defendants, and The City of New York for compensatory damages in the amount of Two Million ($2,000,000.00) Dollars, and,

    3. Enter a judgment, jointly and severally against the Defendant officer and The City of New York for punitive damages in the amount of Four Million ($4,000,000.00) Dollars; and,

    4. Enter an Order:

        a) Awarding plaintiff's reasonable attorney's fees and litigation expenses pursuant to 42 U.S.C. sec. 1988;

        b) Granting such other and further relief which to the Court seems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury.

Dated: New York, New York
       August 24, 2004

                                    RESPECTFULLY,

                                    STEVEN A. HOFFNER, ESQ.
                                    Attorney for the Plaintiff
                                    350 Broadway, Rm. 1105
                                    New York, New York 10013
                                    (212) 941-8330
                                    (212) 941-8137
                                    (SH-0585)

## VERIFICATION

**STEVEN A. HOFFNER,** an attorney admitted to practice in the Courts of the State of New York states:

That the affirmant is the attorney of record for the plaintiff in the within action.

That the affirmant has read the Answer in this case and knows the contents thereof.

That the same is true as to affirmant's knowledge, except as to matters therein alleged to be on information and belief, and as to those matters affirmant believes them to be true.

That the reason this verification is made by affirmant is because the plaintiff does not reside in the county wherein affirmant maintains his office.

That the grounds of my belief as to all matters not stated upon my own knowledge are as follows:

investigation, client conferences, and review of the file.

The undersigned affirms that the following statements are true, under the penalties of perjury.

Dated: New York, New York
August 24, 2004

_____
STEVEN A. HOFFNER, Esq.

8